IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 21-25 |
| RODRIC SORRELL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is a motion to reduce sentence (ECF No. 93) filed pro se by defendant Rodric Sorrell ("Sorrell"). Sorrell's letter was forwarded to the public defender's office, who declined to file a motion on his behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. (ECF No. 95). The government filed a response, opposing the motion. (ECF No. 97). The motion is ripe for disposition.

On August 24, 2022, Sorrell pleaded guilty to: (1) attempted possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 ("count one"); and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (1) ("count two").

The guilty pleas were entered pursuant to a plea agreement (ECF No. 49-1). Sorrell obtained substantial benefits from the plea agreement, including the government's agreement to not file a § 851 Information about a prior felony drug conviction as a basis for increased penalties.

In the Presentence Investigation Report ("PIR") (ECF No. 58), his criminal convictions resulted in a criminal history score of 7. Sorrell committed the instant offense while under a criminal justice sentence. Two "status points," therefore, were added to his criminal history

score, for a total criminal history score of 9, pursuant to U.S.S.G. § 4A1.1(d). According to U.S.S.G. Chapter 5, Part A, a criminal history score of 9 establishes a criminal history category of IV.  His advisory guideline range was 57-71 months of imprisonment.  At sentencing, the court adopted this calculation without objection from the parties.  The court varied downward and sentenced Sorrell to a term of imprisonment of 48 months at each of counts 1 and 2, to run concurrent; and 4 years of supervised release at count 1 and 3 years at count 2, to run concurrent.

Discussion

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Prior to the enactment of Amendment 821, 2023 United States Sentencing Guideline App'x C, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence. Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1.  If the defendant is still serving a term of imprisonment, Amendment 821 will retroactively apply. U.S.S.G. § 1B1.10.

In Sorrell's situation, his motion must be denied because Amendment 821 does not affect his guideline range.  Had Sorrell been sentenced after the amendment, he would have received

only 1 "status point" (rather than 2 status points) for committing the instant offense while under a criminal justice sentence. His criminal history score would have been 8, instead of 9, but his criminal history category would still have been IV, and the sentencing guideline range would have been the same. If the sentencing guideline range remains the same, then Sorrell is ineligible for a sentence reduction under § 3582(c)(2). *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017); *see United States v. Jeffries*, No. 2:20-CR-204-10, 2024 WL 2059352, at *2 (W.D. Pa. May 7, 2024) (denying defendant's motion to reduce sentence where the guideline range was unchanged after applying the amendment).

The court notes that § 1B1.10(b)(2) contains a limitation on the scope of reduction a court may grant: "(A) Limitation.--Except as provided in subdivision (B), the court **shall not reduce** the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is **less than the minimum of the amended guideline range** determined under subdivision (1) of this subsection." (Emphasis added). As explained above, Sorrell's guideline range remains 57-71 months. At the original sentence, the court varied downward and sentenced Sorrell to a term of imprisonment of 48 months. The court cannot further reduce that sentence.

In sum, Sorrell does not qualify for relief. His criminal history category would be unchanged by Amendment 821, which would not affect the guideline sentencing range, and he is already serving a sentence below the applicable guideline range.

<u>Conclusion</u>

For the reasons set forth above, the motion to reduce sentence (ECF No. 93) filed pro se by defendant Sorrell will be denied.

An appropriate order will be entered.

By the court,

Date:   August 15, 2024

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Senior United States District Judge